# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JUDITH KAMEL,**<br><br>   **Plaintiff,**<br><br>  v.<br><br>**APL MARINE SERVICES, LTD.; APL MARITIME, LTD.; and DOES 1 through 20, inclusive,**<br><br>   **Defendants.** | **Case No.: CV 20-01472-CJC (JCx)**<br><br><br>**ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT** |

On January 16, 2020, Plaintiff Judith Kamel filed this action in Los Angeles County Superior Court against Defendants APL Marine Services, Ltd. and APL Maritime, Ltd. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Plaintiff alleges that on September 12, 2018, she "suffered severe and disabling injuries while working as a longshoreman." (*Id.* ¶ 10.) Specifically, she fell on a catwalk because the catwalk "lacked a safe and properly installed and maintained guardrail" at the time of the accident." (*Id.*) Plaintiff asserts one claim for negligence, asserting that Defendants "negligently failed to exercise due care to avoid exposing the longshoremen, including

plaintiff, to harm from equipment under the active control" of Defendants. (*Id.*) She seeks damages for medical expenses, lost earnings and benefits, and loss of earning capacity. (*Id.* at 5.)

On February 13, 2020, Defendants removed, invoking diversity jurisdiction. A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases that are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

The only statement Defendants make to carry their burden of establishing this Court has subject matter jurisdiction, and specifically that $75,000 is at issue, is this statement from the attorney signing the Notice of removal:

> I have defended numerous lawsuits filed on behalf of
> longshoremen. The vast majority of the local longshoremen
> have yearly incomes in six figures. Given Plaintiff's claims of
> greatly impaired earning capacity and fringe benefits, past and
> future medical expenses, great mental, physical and nervous
> pain and suffering, the amount in controversy exceeds
> $75,000.00.

(Dkt. 1 [Notice of Removal] ¶ 5.)

This does not come close to satisfying Defendants' burden to establish this Court's removal jurisdiction, which is strictly construed against such jurisdiction. *See Gaus*, 980 F.2d at 566. A statement that other longshoremen make over $100,000 a year is not sufficient to persuade the Court that Plaintiff had a similar income. Additionally, the Complaint does not describe the nature of Plaintiff's injuries, much less their extent, and Defendants make no effort to describe them to the Court to help the Court evaluate whether Defendants have met their burden.

Courts in this district have found that defendants who made a much better showing of a $75,000 amount in controversy than Defendants did here failed to meet their burden. For example, one court found that a defendant failed to show by a preponderance of the evidence that the amount in controversy was met where the defendant's calculations were "based on many assumptions that leave the court to speculate as to the value of too many variables." *Dupre v. Gen. Motors,* 2010 WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010). Here, Defendants did not present any calculations at all. Similarly, another court found that a declaration regarding the Plaintiff's hourly rate was not sufficient to show the amount in controversy was met, especially without evidence regarding the number of hours the Plaintiff worked, and where the complaint did not contain ay monetary figures from which the court could ascertain an amount in controversy. *Merricks-Barragan v. Maidenform, Inc.*, 2011 WL 5173653, at *3 (C.D. Cal. Oct. 31, 2011). Here, the

Complaint is devoid of salary information, and Defendants provide even less information than the defendants in *Merricks-Barragan*, who at least provided some information regarding the plaintiff's salary.

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Accordingly, the Court *sua sponte* **REMANDS** this case to Los Angeles County Superior Court.

DATED: February 27, 2020

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE